I do not concur in a reversal. It may be conceded that when, upon the statement of surprise, Mr. Van Lear, the assistant county attorney trying the case, obtained permission to examine his own witness, Ben Sekerman, called on the state's rebuttal, as if on cross-examination, it was error to go to the extent of covering the entire statement obtained from Sekerman when interviewed in jail by a probation officer and Mrs. Blanche Jones, the police matron, and also his answers to questions put to him when he appeared before Judge Hall of the district court, such questions and answers being taken down and transcribed by Mr. Bowler, Judge Hall's court reporter. But that error should not, in my opinion, lead to a new trial for the reason that when Mrs. Jones was subsequently called to impeach Sekerman this occurred, after answering a few preliminary questions: "Mr. Hughes: Wait — I will withdraw the objection. Go ahead." Thereupon Mrs. Jones was examined and cross-examined without the slightest hint of objection as to every question and answer contained in the statement obtained by her and the probation officer and signed by Sekerman. Not only that, she was also examined without objection as to what took place before Judge Hall, where she also was present. Then Mr. Bowler was called to impeach Sekerman, and he was examined and cross-examined without any objection being raised as to any matter before Judge Hall.